**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| Brian Buchanan, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| CCS Financial Services, Inc., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

For this Complaint, the Plaintiff, Brian Buchanan, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and N.C. Gen.Stat. § 58-70 et seq., by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Brian Buchanan ("Plaintiff"), is an adult individual residing in Wilson, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant CCS Financial Services, Inc. ("CCS"), is a Massachusetts business entity with an address of 2 Wells Avenue, Newton, Massachusetts 02459, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

6.      The Plaintiff allegedly incurred a financial obligation  (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  CCS Engages in Harassment and Abusive Tactics

10.      Beginning in 2011, CCS placed as many as two (2) calls a day to Plaintiff, on a daily basis, to Plaintiff's cellular, residential and business telephones in an attempt to collect the Debt.

11.      Plaintiff repeatedly told CCS that he is not currently in a position to pay the Debt and has repeatedly requested that CCS cease calling him.

12.      CCS continued to place calls to Plaintiff despite his request that it cease doing so.

2

13.    CCS spoke with one of Plaintiff's coworkers and disclosed information about the Debt and CCS' attempts to collect the Debt from Plaintiff.

14.    CCS used very rude and abusive language when speaking with Plaintiff. During one phone call, CCS said that the decline in the United States' economy is due to "people like you [Plaintiff] who don't pay your bills."

15.    CCS threatened to garnish Plaintiff's wages in an attempt to collect the Debt. No such action has been taken to date.

16.    CCS placed calls to Plaintiff after 9p.m. in an attempt to collect the Debt.

17.    CCS failed to provide its name to Plaintiff during telephone conversations until Plaintiff requests that CCS identify itself.

## C.  **Plaintiff Suffered Actual Damages**

18.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

3

22.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff after 9:00 p.m.

24.     The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used abusive language when speaking with the consumer.

25.     The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

28.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

29.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA COLLECTION AGENCY ACT,
## N.C. Gen.Stat. § 58-70, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

32.     Defendant is a "collection agency" as defined in N.C. Gen. Stat. § 58-70-15.

33.     The Defendant's conduct violated N.C. Gen.Stat. § 58-70-100 in that Defendant placed to phone calls to Plaintiff's place of employment contrary to Plaintiff's instructions.

34.     The Defendant's conduct violated N.C. Gen.Stat. § 58-70-95(6) in that Defendant threatened to garnish Defendant's wages without intending to do so.

35.     The foregoing acts and omissions of the Defendant constitute violations of the North Carolina Collection Agency Act, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.      The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

39.     The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

40.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages of $1,000 per violation pursuant to N.C.G.S. 58-70-110(b)

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and North Carolina Law in an amount to be determined at trial for the Plaintiff;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 28, 2011

Respectfully submitted,

By  /s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile:  (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorney for Plaintiff

6

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424